**Gilbert J. PARIS, Appellant,**

v.

**Jesse BROWN, Secretary of Veterans Affairs, Appellee.**

**No. 92–1364.**

United States Court of Veterans Appeals.

Dec. 10, 1993.

Gilbert J. Paris, pro se.

Mary Lou Keener, Gen. Counsel, Norman G. Cooper, Acting Asst. Gen. Counsel, Thomas A. McLaughlin, Deputy Asst. Gen. Counsel, and Vito A. Clementi, Washington, DC, were on the pleadings for appellee.

Before KRAMER, FARLEY and MANKIN, Judges.

MANKIN, Judge:

The appellant, Gilbert J. Paris, appeals the October 22, 1992, Board of Veterans' Appeals (BVA or Board) decision which denied entitlement to payment of unauthorized medical services and entitlement to reimbursement under the provisions of the Home Improvement and Structural Alterations program (HISA), for the cost of a home wheelchair ramp. The Secretary filed a motion for summary affirmance. The Court has jurisdiction pursuant to 38 U.S.C.A. § 7252(a) (West 1991). For the reasons set forth below, we will affirm the October 1992 BVA decision in part and vacate the BVA decision in part and remand the case for readjudication consistent with this opinion.

## I.  FACTUAL BACKGROUND

### A.  *Payment of Unauthorized Medical Expenses*

The appellant served more than thirteen years of active duty in the United States Army and is currently service connected for numerous disabilities with entitlement to a 100% disability evaluation.  From September 20, 1990, to September 24, 1990, the appellant was hospitalized at St. Patrick Hospital with an admitting diagnosis of severe congestive heart failure.  On September 21, 1991, the VA sent a letter to St. Patrick Hospital notifying it that "[e]xisting regulations only permit [the VA] to authorize emergent private hospital care for a veteran's service-connected disability or a condition that is aggravating or related to the service-connected disability."  On October 17, 1990, the appellant submitted a "Claim for Payment of Cost of Unauthorized Medical Services." The appellant was notified by a letter dated October 18, 1990, that his claim for unauthorized medical services was denied because there was no emergency of such nature that a delay in care would have been hazardous to life or health and because a VA facility was feasibly available.  On March 25, 1991, Dr. Alan A. Gabster wrote a letter to the VA stating that when the appellant was admitted to St. Patrick Hospital on September 20, 1990, it "appeared unlikely that he was going to be able to make it all the way" to the VA medical center and that this constituted a "true emergency situation."  However, in a statement dated March 16, 1992, the VA Clinic Director asserted that the appellant's hospitalization was for non-emergent medical treatment and that a VA medical facility was feasibly available for care.

### B.  *Payment under the HISA Program*

On November 19, 1990, the appellant received a letter notifying him that $944.99 was left over from his lifetime HISA benefit of $2500.00 which he received after he built a wheelchair ramp for his former home in 1983. The letter indicated that these funds were available to make any necessary corrections and/or changes to the ramp.  On May 24, 1991, the appellant submitted a HISA application for the construction of a wheelchair ramp for a new home.  A letter dated May 29, 1991, informed the appellant that a medical statement pertaining to the need for a wheelchair ramp and a blueprint of the proposed ramp were required before approval for the ramp could be given.  A Statement of the Case dated March 1992 reflects that the revised diagram of the plan for wheelchair ramp was received by the VA on June 4, 1991, and that the VA requested medical evidence to support the appellant's medical need for the wheelchair ramp from Dr. Judith D. McDonald on June 18, 1991.  On July 2, 1991, the appellant filed a Certificate of Completion for the construction of the ramp. A letter dated August 9, 1991, by Dr. McDonald stated that the appellant's chronic back pain, his need of canes for ambulation, as well as his additional problems made the ramp appropriate and necessary.  On August 30, 1991, the appellant was informed that because he had not obtained prior authorization for the HISA benefit, reimbursement for the cost of the ramp was denied.

The appellant protested this denial of reimbursement in a letter dated September 2, 1991, in which he acknowledged the absence of VA approval for the ramp but explained that if he had "waited for the V.A. to give there [sic] approval, it still would not be built."  The appellant was informed by a letter dated September 11, 1991, that not only was his ramp constructed prior to VA approval, but that it did not meet VA specifications.  A letter dated November 18, 1991, explained to the appellant that a representative from the Engineering Service found that the wheelchair ramp presented several safety hazards and, therefore, did not comply with VA criteria.

On October 22, 1992, the BVA denied the appellant's claim for payment of unauthorized medical expenses incurred in September 1990 and his claim for payment under the HISA program for the cost of installing a home wheelchair ramp.

## II.  ANALYSIS

### A.  *Payment of Unauthorized Medical Expenses*

■ Pursuant to 38 U.S.C.A. § 1728 (West 1991) and its corresponding regulation, 38

C.F.R. § 17.80 (1993), the appellant would be entitled to reimbursement for the medical expenses he incurred at St. Patrick Hospital from September 20 through September 24, 1990, if he satisfied three criteria. Section 1728(a) states:

> The Secretary may, under such regulations as the Secretary shall prescribe, reimburse veterans entitled to hospital care or medical services under this chapter for the reasonable value of such care or services ... for which such veterans have made payment, from sources other than the Department where—
>
> (1) such care or services were rendered in a medical emergency of such nature that delay would have been hazardous to life or health;
>
> (2) such care or services were rendered to a veteran in need thereof (A) for an adjudicated service-connected disability, (B) for a non-service-connected disability associated with and held to be aggravating a service-connected disability, (C) for any disability of a veteran who has a total disability permanent in nature from a service-connected disability ...; and
>
> (3) Department or other Federal facilities were not feasibly available, and an attempt to use them beforehand would not have been reasonable, sound, wise, or practical.

The Board found only the second requirement to be met—that the unauthorized medical services involved treatment of the appellant's service-connected cardiovascular disease. However, the Board, in its decision, completely ignored the March 25, 1991, letter from Dr. Gabster, which stated that there was a true emergency situation and that a VA hospital was not feasibly available. The Board has a statutory obligation to provide an adequate written statement of the reasons or bases for its findings and conclusions on "all material issues of fact or law presented on the record." *See* 38 U.S.C.A. § 7104(d)(1) (West 1991); *Gilbert v. Derwinski*, 1 Vet. App. 49 (1990). In the case at hand, the Board's decision contains neither an analysis of the credibility or probative value of the evidence submitted by Dr. Gabster in support of the appellant's claim, nor a statement of the reasons or bases for the implicit rejection of this evidence. *See Gilbert*, 1 Vet.App. at 59. Therefore, a remand is necessary so that the Board can provide an adequate statement of its reasons or bases should it once again discount the medical opinion of Dr. Gabster.

### B. Payment under the HISA Program

■ Pursuant to 38 U.S.C.A. § 1717(a)(1) (West 1991 & West Supp.1993), "[a]s part of medical services furnished to a veteran ... the Secretary *may furnish* such home health services as the Secretary finds to be necessary or appropriate for the effective and economical treatment of the veteran's disability" (emphasis added). Further, the corresponding regulation to this statute provides that:

> Home health services determined by VA to be necessary for effective and economical treatment of a disability *may be furnished* to any veteran to include home improvement and structural alterations as are necessary to assure continuation of treatment for the veteran's disability or to provide access to the home or to essential lavatory and sanitary facilities. The cost to VA or reimbursement by VA to the veteran will not exceed $4,100 for home improvements or structural alterations for veterans being treated under § 17.-60(a)(1)–(3) and will not exceed $1,200 for any other veteran being treated under this section.

38 C.F.R. § 17.60(f) (1993) (emphasis added). In the case at hand, the appellant, in 1982, had applied for and was granted a lifetime HISA benefit of $2,500 for the construction of a wheelchair ramp. A letter dated March 17, 1982, informed the appellant that any unused portion of this amount "may be used at a later date for *authorized* and *approved* home improvements" (emphasis added). He was, therefore, aware of the procedures to be followed in obtaining a HISA reimbursement. The appellant's cognizance of the need for prior authorization is manifested not only by the fact that he had previously received a HISA grant in 1982, but by his signature on the HISA application form 10–0113. By signing this form, the appellant certified that

he understood that "there are medical and economic features yet to be considered before [he] is eligible for this benefit, and that [he] will be notified of the action taken on [his] application." Further, located at the bottom of the application form are boxes marked "Assistance ... approved" and "Application Disapproved" which indicate that reimbursement is not automatic upon the filing of the form. Most dispositive of the appellant's knowledge, however, is his own admission that he knew that VA approval was required, but that he completed the ramp without receiving the requisite approval because if he waited "for the V.A. to give there [sic] approval, it still would not be built." Therefore, since prior approval is required under the HISA program, and the appellant did not obtain it before completing his wheelchair ramp, the Court has no choice but to affirm the part of the BVA decision denying his claim for reimbursement for the cost of the ramp.

## III. CONCLUSION

Upon consideration of the record, the Secretary's motion, and the appellant's informal brief, the Court denies the Secretary's motion for summary affirmance, affirms the October 22, 1992, decision of the BVA as to the denial of reimbursement under the HISA program and vacates the decision as to the payment of unauthorized medical expenses. The case is remanded for further development and readjudication consistent with this opinion on the basis of all evidence and material of record and all applicable laws and regulations, and for issuance of a new decision supported by adequate reasons or bases. The Secretary is reminded that a remand is not "merely for the purposes of rewriting the opinion so that it will superficially comply with the 'reasons or bases' requirement ... A remand is meant to entail a critical examination of the justification for the decision." *Fletcher v. Derwinski,* 1 Vet.App. 394, 397 (1991).

Accordingly, the BVA decision of October 22, 1992, is AFFIRMED in part, VACATED in part, and REMANDED.